**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
| | : | |
| JOSEPH ARUANNO, | : | Civil No. 10-4085  (WJM) |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| PAUL FISHMAN, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

_____

**APPEARANCES:**

> JOSEPH ARUANNO, #363
> Special Treatment Unit- Annex
> P.O. Box #CN905
> Avenel, NJ 07001

**MARTINI**, District Judge:

Joseph Aruanno, who is civilly committed under the New Jersey Sexually Violent Predator Act, seeks to file a Complaint against Paul Fishman, United States Attorney for the District of New Jersey, and United States Attorney General Eric Holder, without prepayment of the filing fee.  See 28 U.S.C. § 1915(a).  This Court will grant Plaintiff's application to proceed in forma pauperis.  This Court has screened the Complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and, for the reasons explained below, will dismiss the Complaint with prejudice for failure to state a claim upon which relief may be granted.

# I.  BACKGROUND

Plaintiff has been civilly committed as a sexually violent predator since 2004.  As

explained by the Third Circuit Court of Appeals,

> [i]n 1994, while in Florida, he exposed himself to two adolescent
> girls as they were walking home from school and engaged in lewd
> conduct in their presence.  As a result of this incident, Aruanno
> pled guilty to second-degree lewd conduct, and was sentenced to
> ten years' probation.  Just two years later, in 1996, Aruanno
> sexually molested an eight-year-old girl who had been playing on
> the front steps of her house in Wildwood, New Jersey.  A jury
> convicted Aruanno of second-degree sexual assault, and he was
> sentenced to ten years in prison, and disqualification from parole
> for five years.  The Appellate Division of the New Jersey Superior
> Court affirmed the conviction and sentence.  The New Jersey
> Supreme Court denied certification.  State v. Aruanno, 793 A. 2d
> 716 (N.J. 2002) (table op.).
>
> In April 2004, while Aruanno was still serving his prison sentence,
> the State of New Jersey . . . filed a petition to involuntarily commit
> Aruanno pursuant to the New Jersey Sexually Violent Predator Act
> ("SVPA), N.J.S.A. § 30:4-27.24 et seq.  . . . .
>
> At the commitment hearing, the State presented the testimony of
> Dr. Vivian Shnaidman . . . .  Dr. Shnaidman testified that Aruanno
> was a chronic paranoid schizophrenic, but her diagnosis explicitly
> ruled out diagnoses of exhibitionism and pedophilia.  Nevertheless,
> Dr. Shnaidman opined that Aruanno's schizophrenia, when
> combined with his previous violent conduct, created a "very high"
> risk of future violence.  In particular, because Aruanno refused to
> take psychotropic medication to treat his schizophrenia, he would
> continue to suffer from psychotic delusions which would render
> sex offender treatment useless.  According to Dr. Shnaidman,
> Aruanno would have serious difficulty controlling his sexually
> predatory behavior without undergoing treatment for his
> schizophrenia . . . .
>
> Aruanno testified on his own behalf at the hearing.  He denied
> committing either the Florida or the New Jersey offense, and
> testified that he believed the State had filed the commitment

2

> petition in retribution for his decision to go to trial for the New
> Jersey offense, rather than accepting a deal to plead guilty . . . .
>
> The state court found that Aruanno suffered from a mental
> abnormality which created "substantial, significant, severe
> difficulty controlling his sexually violent behavior," and granted
> the State's petition for involuntary commitment.  Aruanno
> appealed the order, and the Appellate Division affirmed.  In re
> Civil Commitment of J.A., 2007 WL 609284 (N.J. Super. Ct. App.
> Div. 2007).

Aruanno v. Hayman, C.A. No. 09-3499 slip op., pp. 2-4 (3d Cir. May 27, 2010).

In 2009, the Appellate Division of the New Jersey Superior Court reversed the Law

Division's May 3, 2007, order denying post-conviction relief on the New Jersey conviction,

vacated the conviction, and remanded the case.[1]  See State v. Aruanno, 2009 WL 1046033 (N.J.

Super. Ct. App. Div. April 21, 2009), certif. denied, 199 N.J. 543 (2009) (table).

Since being detained in New Jersey, Mr. Aruanno has filed over 28 civil cases in this

Court, and 27 appeals in the United States Court of Appeals for the Third Circuit.

Plaintiff asserts the following facts in the Complaint presently before this Court:

> As you can see in the attached Exhibit-A, dated 10/20/06, which is
> the cover sheet of a complaint filed/submitted to the Office of the
> U.S. Attorney in Newark that office was made aware of some
> serious crimes being committed but refused to comply or act as
> obligated by even attempting to investigate the situation.  And
> worse despite warning then U.S. Attorney C. Christie that there
> would be retaliation if the state was informed without taking
> proper safety measures he eventually just forwarded the complaint
> to the Office of the N.J. Attorney General knowing that they were
> going to do nothing and which also lead [sic] to the retaliation
> which continues to this day . . .

---

[1] This Court was not able to determine through online research the outcome of the
remand.

3

> Also in this case you will see that NUMEROUS other residents
> and/or patients at the facility I am at have contacted each
> defendants office over the years only to get replies that "THEY
> DON'T HANDLE INDIVIDUAL COMPLAINTS" for which I
> then made copies of all those replies pointing out the nonsense . . .
> for which there has been no replies since then, about one year now,
> from the office of the U.S. Attorney General despite the fact I/we
> have written defendant Holder many times this year . . . .
> defendant Fishman . . . refuses to comply or even reply which has
> lead [sic] to this complaint.  And for which at this point I must
> make clear one of the issues we raise is EXCESSIVE FORCE by
> state law enforcement which is a Federal criminal violation, as well
> as civil rights violations.  Though we do see the pass-the-buck
> mentality yet once again for which I must mention I have not heard
> from the Office of the FBI either.
>
> In closing the relief I seek here is that the defendants be ordered to
> comply with that offices obligations and properly investigate these
> matters which is the Injunctive Relief I seek.

(Docket Entry #1, pp. 2-3.)

Attached to the Complaint are two letters.  The first is a letter from attorney Thomas E.

Schorr to former United States Attorney Christopher Christie dated October 20, 2006.  In this

letter, Mr. Schorr states that he was appointed to represent Joseph Aruanno in civil litigation

against certain physicians working for the New Jersey Department of Corrections and that "Mr.

Aruanno believes that certain defendants named in the amended complaint have conspired to

prevent him access to the civil courts."  (Docket Entry #1-2, p. 1.)  The second is a letter dated

November 17, 2009, from United States Attorney Paul J. Fishman to Joseph Aruanno.  (Docket

Entry #1-2, p. 3.)  Mr. Fishman acknowledges receipt of a letter from Mr. Aruanno dated October

17, 2009, and states that it has been forwarded to the Federal Bureau of Investigation's Newark

Office for their review, but advises him that "it is unlikely that federal law enforcement will be of

assistance to you in this particular matter [since] your letter does not reveal specific information about federal criminal violations."  (Docket Entry #1-2, p. 3.)

## II.  STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] which was previously applied to determine if a federal complaint stated a claim.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  The pleading standard under Rule 8 was refined by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . .  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

---

[2]  The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949 -1950 (citations omitted).

Since Iqbal, the Third Circuit has required district courts to conduct a three-part analysis when reviewing a complaint for dismissal for failure to state a claim:

> To determine the sufficiency of a complaint under the [Iqbal] pleading regime . . . , a court must take three steps:  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947.  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950.  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Tp., 629 F. 3d 121, 130 (3d Cir. 2010) (footnote omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

6

### III.  DISCUSSION

Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . . subjects,
> or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

In this case, Plaintiff wants this Court to order the United States Attorney for the District of New Jersey and the United States Attorney General to investigate and pursue the criminal prosecution of person(s) at the Special Treatment Unit.  However, "the decision to prosecute is solely within the discretion of the prosecutor."  Leeke v. Timmerman, 454 U.S. 83, 87 (1981); see also Morrow v. Meehan, 258 Fed. App'x 492, 494 (3d Cir. 2007) ("Commencing a prosecution under any criminal law is discretionary"); Pooler v. United States, 787 F. 2d 868, 871 (3d Cir. 1986) ("Prosecutorial decisions as to whether, when and against whom to initiate prosecution are quintessential examples of governmental discretion in enforcing the criminal law").  And although Mr. Aruanno casts his claim as a constitutional violation, the United States Supreme Court has held that a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973);

see also <u>Maine v. Taylor</u>, 477 U.S. 131, 137 (1986) ("private parties . . . have no legally cognizable interest in the prosecutorial decisions of the Federal government"); <u>Diamond v. Charles</u>, 476 U.S. 54, 63 (1986) ("Were the Abortion Law to be held constitutional, Diamond could not compel the State to enforce it . . . because a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another") (citation and internal quotation marks omitted).  Because Mr. Aruanno has no legally cognizable interest in compelling federal prosecutors to investigate or prosecute alleged violations, the Complaint will be dismissed with prejudice for failure to state a claim upon which relief may be granted.[3]

## IV.  CONCLUSION

For the reasons set forth above, the Court will dismiss the Complaint with prejudice. The Court will enter an appropriate Order.

s/William J. Martini

_____

**WILLIAM J. MARTINI, U.S.D.J.**

Dated: June 8, 2011

_____

[3] To the extent that Plaintiff seeks to assert that defendants deprived him of substantive due process by failing to protect him against a known risk of violence, the claim will also be dismissed under <u>DeShaney v. Winnebago County Dept. of Social Services</u>, 489 U.S. 189 (1989). <u>See also</u> <u>Bennett ex rel. Irvine v. City of Philadelphia</u>, 499 F. 3d 281 (3d Cir. 2007).